THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLEE SUE JONES, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security, <br><br> Defendant. | CASE NO. C15-1234 JCC <br><br> ORDER ADOPTING R&R |

This matter comes before the Court on Defendant's Objections to the Report and Recommendation (Dkt. No. 17). The Honorable Brian A. Tsuchida, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Dkt. No. 16) advising the Court to REVERSE the Commissioner's Final Decision and REMAND the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

After reviewing Defendant's objection, the parties' briefing, and the record, the Court finds oral argument unnecessary and hereby ADOPTS the R&R and REMANDS the case for further administrative proceedings for the reasons explained herein.

I.  BACKGROUND

A.  Factual Background

Plaintiff Kimberlee Sue Jones is a 54-year-old widow who has a high school diploma and

additional secretarial training, and has worked as a cashier, housecleaner, waitress, and Navy yeoman. (Dkt. No. 9-2 at 59, 60, 204; Dkt. No. 9-6 at 9.) She was last employed in 1990. (Dkt. No. 9-6 at 27.) In January 2012, she applied for benefits, alleging disability as of October 2011. (Dkt. No. 9-2 at 35, 58; Dkt. No. 9-5 at 23, 24.) Plaintiff qualifies for disability benefits if she meets the criteria of section 202(e) of the Social Security Act and was eligible during the statutory period, October 19, 2011 to April 30, 2012.[1] (Dkt. No. 9-2 at 35.)

In determining whether Plaintiff was disabled during the qualifying period, the Administrative Law Judge ("ALJ") considered Dr. Chad Marion's medical opinion, the opinion at the center of the present dispute. (Dkt. No. 9-2 at 39.) The ALJ gave little weight to Dr. Marion's opinion, finding that it was internally inconsistent and outside the relevant time period. (Dkt. No. 9-2 at 44.)

**B.  Procedural History**

On August 8, 2015, after the ALJ issued an unfavorable ruling and the Appeals Council declined review, Plaintiff filed a complaint under 42 U.S.C. § 405(g) and 5 U.S.C. §706 to review the final decision of Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security. (Dkt. No. 3.) On February 10, 2016, Judge Brian Tsuchida issued a Report and Recommendation advising the Court to REVERSE the Commissioner's Final Decision and REMAND the case for further administrative proceedings. (Dkt. No. 16.) Defendant timely objected to the R&R. (Dkt. No. 17.)

**II.  DISCUSSION**

**A.     Standard of Review**

When a party makes a specific objection to a portion of a magistrate judge's R&R, a

---

[1] A claimant may be eligible if she is the widow of a deceased worker, has attained the age of 50, is unmarried, and has a disability that began before the end of the prescribed period. (Dkt. No. 9-2 at 35.) In Plaintiff's case, the prescribed period ends seven years after her spouse's death. (Dkt. No. 9-2 at 35.)

reviewing court conducts a *de novo* review of that portion. Fed. R. Civ. P. 72(b)(2) and -(3); 28 U.S.C. § 636(b)(1)(C). After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.   Objection: Evidentiary Weight of Dr. Marion's Medical Opinion

The R&R found that the ALJ erred when she placed little evidentiary weight on Dr. Marion's medical opinion and reversed for this reason. (Dkt. No. 16 at 6.) Defendant objects to the magistrate judge's reversal , arguing that the ALJ properly rejected Dr. Marion's opinion. (Dkt. No. 17 at 1.) On the other hand, Plaintiff argues that the R&R properly reversed the ALJ's erroneous ruling and that Dr. Marion's opinion correctly identified Plaintiff's disability.

The opinions of treating physicians are entitled to special weight and "if the ALJ chooses to disregard them, '[she] must set forth specific legitimate reasons for doing so, and this decision must itself be based on substantial evidence.'" *Embry v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). The Ninth Circuit is clear that "[t]he ALJ must do more than offer [her] conclusions." *Id*. "Substantial evidence is more than a mere scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197 (1938).

Here, the ALJ gave little weight to Dr. Marion's opinion. The ALJ made two primary findings in support of its decision to discredit Dr. Marion's opinion: (1) Dr. Marion's opinion was inconsistent with his own review of medical records and the record as a whole; and (2) his opinion was not within the relevant period. (Dkt. No. 9-2 at 44–45.) The ALJ provided one example in support of these findings: "[Dr. Marion] noted that the claimant's knee related issues were not extremely severe on x-rays or studies but the claimant's subjective pain was limiting. Despite minimal objective evidence, he assessed severe limitations, which calls into question the reliability of his opinion." (Dkt. No. 9-2 at 45.) Defendant argues that the ALJ was correct in

making these findings. (Dkt. No. 17.) The Court disagrees.

First, the ALJ's finding that Dr. Marion's opinion was internally inconsistent was not supported by substantial evidence. It is true that Dr. Marion found Plaintiff's subjective pain to be "quite severe and limiting" even though her disease was not "extremely" severe on x-rays. (Dkt. 9-9 at 92–93.) But he also found that Plaintiff's mobility would still be limited even after surgical intervention. (Dkt. 9-9 at 92–93.) Dr. Marion reached this conclusion based on his physical examination, x-rays, and his medical expertise—this is not "minimal objective evidence." (Dkt. No. 9-9 at 92–93.) Therefore, Dr. Marion's opinion was not internally inconsistent.

Second, the ALJ's finding that Dr. Marion's opinion was outside the relevant period was not supported by substantial evidence. Dr. Marion served as one of Plaintiff's treating physicians before the relevant period began. (*See* Dkt. No. 9-7 at 12.) Additionally, Dr. Marion evaluated Plaintiff for her knee pain during the relevant period. (Dkt. No. 9-8 at 131.) During the 2011 evaluation, Dr. Marion conducted a physical examination and reviewed x-rays, diagnosing Plaintiff with bi-lateral chondromalacia patellae, x-ray confirmed lateral patellar facet narrowing, crepitans on examination, and pain with patellar compression testing—the same diagnosis he summarized in his opinion dated June 17, 2013. (Dkt. No. 9-8 at 131 and Dkt. No. 9-9 at 92.) It is immaterial that Dr. Marion gave this later opinion after the relevant period, because it summarized his opinion from *within* the relevant period. This is evident from his statement that he reviewed Plaintiff's orthopedic medical records, which clearly span back to the relevant period. (Dkt. No. 9-9 at 92.) Therefore, the ALJ should not have discounted Dr. Marion's opinion for being outside of the relevant period.

Furthermore, the R&R correctly found that the ALJ's rejection of Dr. Marion's opinion was not harmless error and resulted in an erroneous Residual Functional Capacity ("RFC") determination that failed to account for all of Plaintiff's limitations. (Dkt. No. 16 at 6.) Because the ALJ discounted Dr. Marion's testimony, she did not consider the limitations Dr. Marion

identified. Namely, that Plaintiff could never kneel or climb; that she could perform sedentary or desk work only if she could "get up and move around for approximately 5 to 10 minutes every 1 to 2 hours or be able to sit with the knee extended or have an elevated chair where the knee was bent less than 90 degrees"; and that Plaintiff could occasionally lift or carry no more than ten pounds. (Dkt. No. 9-9 at 92.) This error resulted in the ALJ's failure to pose hypothetical questions to the vocational expert that included all of the claimant's functional limitations supported by the record. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (noting that hypothetical questions posed to a vocational expert "must include all of the claimant's functional limitations, both physical and mental supported by the record" (internal citation omitted)).

In sum, the ALJ's failure to properly assess Dr. Marion's opinions and incorporate them into the hypothetical questions posed to the vocational expert constituted harmful error.

**III.   CONCLUSION**

For the foregoing reasons, the R&R is ADOPTED (Dkt. No. 16) and this matter is REMANDED for further administrative proceedings.

DATED this 21st day of April 2016.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE